[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15928
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20329-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DINSEN RICHARD ST-TURBAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 12, 2019)

Before WILSON, JILL PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Dinsen Richard St-Turbain was convicted after a jury trial for possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On appeal, he raises two issues: (1) whether the district court erred in denying St-Turbain's pretrial motion to suppress evidence without reviewing a transcript of the suppression hearing held before the magistrate judge;[1] and (2) whether the district court abused its discretion in admitting evidence of St-Turbain's prior conviction for possession of a firearm by a convicted felon under Federal Rule of Evidence 404(b).

We previously held this appeal in abeyance and remanded the matter back to the district court for the limited purpose of allowing the district judge to review the transcript of St-Turbain's suppression hearing and tell us whether he would still deny the motion to suppress. *United States v. Dinsen Richard St-Turbain*, 730 Fed. App'x 889 (11th Cir. 2018) (per curiam). On remand, the district judge stated that he reviewed the transcript of the suppression hearing, that the magistrate judge's decision is correct, and that the motion to suppress should be denied. We are thus satisfied that the district court has conducted the necessary de novo review. The only remaining issue for us to consider is whether the district court abused its discretion in admitting into evidence St-Turbain's ten-year-old prior 2006 conviction for possessing a firearm as a convicted felon under Rule 404(b).

---

[1] Prior to trial, St-Turbain moved to suppress evidence, including a firearm seized as a result of a traffic stop. In his motion, St-Turbain argued that the police officer stopped and searched his vehicle without probable cause or consent.

St-Turbain moved to exclude the Rule 404(b) evidence, arguing that its probative value was substantially outweighed by the prejudicial effect because the prior conviction was temporarily removed; that it involved the same crime as the instant offense and enhanced the danger that the evidence would be used for improper character purposes; and because a prior conviction for being a felon in possession unfairly and necessarily implied that he had at least two prior felony convictions.  Moreover, he agreed to stipulate that he had a prior felony conviction at the time of the instant offense, so that the only issue for the jury should be whether he possessed a firearm at the time of his arrest.

We review a district court's evidentiary rulings under Rule 404(b) for an abuse of discretion.  *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005) (per curiam).  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 404(b)(1).  "This evidence may be admissible for another purpose, such as proving . . . intent, . . . knowledge, [or] absence of mistake . . . ."  Fed. R. Evid. 404(b)(2).  To be admissible, Rule 404(b) evidence (1) must be relevant to an issue other than the defendant's character; (2) must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) its probative value cannot be substantially

outweighed by its undue prejudice, thus satisfying Rule 403. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003).

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403. "This determination lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *Jernigan*, 341 F.3d at 1282 (quoting *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997)).

The district court did not abuse its discretion by admitting St-Turbain's prior conviction under Rule 404(b). By pleading not guilty, St-Turbain placed the element of his knowing possession of a firearm at issue. The prior conviction was relevant to prove knowledge and the lack of accident or mistake in the present case. Evidence that he engaged in similar behavior in the past would make it more likely that he did so knowingly and not because of an accidental mistake this time around. *See Jernigan*, 331 F.3d at 1273. "A similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense." *Ramirez*, 426 F.3d at 1354.

4

We further find that the probative value of the evidence was not substantially outweighed by undue prejudice.  The similarity between the charged offense and the extrinsic offense is a factor for the district court to consider in analyzing probative value.  *See Jernigan*, 331 F.3d at 1282.  Although the prior conviction was ten years old at the time of trial, we have set no bright-line rule on temporal remoteness, and St-Turbain has not met the heavy burden of establishing that the district court departed from its broad discretion by admitting a temporally remote offense given the probative value of the prior conviction.  *See United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005) (per curiam).

In any event, the district court reduced the risk of unfair prejudice by redacting the underlying conduct at issue in the prior conviction, and by twice instructing the jury that the evidence could not be used to decide whether St-Turbain committed the acts charged in the instant case but only for the limited purpose of deciding whether he had the state of mind necessary to commit the instant offense.  A district court's limiting instruction can reduce the risk of any unfair prejudice.  *United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007).

The district court did not abuse its discretion in admitting St-Turbain's prior conviction under Rule 404(b).

**AFFIRMED.**

5